GEORGE W. MARTIN v. BENJAMIN H. KELLEY.

Argued June 5, 1907—Decided June 8, 1908.

Where a jury question is raised as to any issue dispositive of the plaintiff's case a verdict in his favor cannot be directed.

On rule to show cause.

Before Justices GARRISON and SWAYZE.

For the rule, *Jacob L. Newman.*

The opinion of the court was delivered by

GARRISON, J. This was an action for rent under a lease. The lease was for three years from September 1st, 1904. The rent sued for was for the months of May, June, July and August, 1905, amounting to $932.32. There was no controversy as to the lease, the amount of the unpaid rent, or the fact that it had not been paid. The tenant's defences were that there had been a surrender to the landlord and "that the term had been abrogated under a clause of the lease which

read: 'It is further understood and agreed that if at any time during this lease the tenants are refused a license for the purposes herein mentioned, provided said license is refused *through any cause or neglect* of the landlord, then this lease shall cease and become null and void.' "

The case having been submitted to the jury on these two issues, a verdict was rendered for the defendant, the tenant, whereupon the plaintiff obtained this rule to show cause, on which he contends that a verdict in his favor should have been directed.

If the only defence had been the surrender of the term this contention might prevail. The testimony of the defendant as to the agreement to accept, and the actual acceptance of rent by the landlord from substituted tenants related only to the privity of estate between the parties to the lease; it was not proof of the abrogation of their privity of contract.

The testimony, however, as to the refusal of the license raised a question of fact.

The property was leased on September 1st, 1904, for the sole purpose of a vaudeville theatre. On April 5th, 1905, Police Commissioner McAdoo addressed a letter to the plaintiff, *i. e.,* the landlord, objecting not to anything the tenant was doing, but to certain features in the construction of the building, and asking the landlord whether he would agree to take off certain steel doors "in case I license the Comedy Theatre." This request, which might well be deemed to be a proviso or condition of the renewal of the license, was apparently based upon suspicions of the police department that antedated the occupation of the premises by the tenant. Mr. McAdoo, the commissioner, in his testimony said that the previous history of the place made this feature (*i. e.,* of construction) an important one in his determination. The tenant was, it is true, criticised for his admission of minors to the theatre, but his promise to establish a stricter rule for the future was one that could have been enforced and that might have been accepted by the commissioner but for the matter of construction concerning which the commissioner required compliance from

the landlord; and there is in fact direct proof that this cause was operative upon the mind of the commissioner. There is no positive proof that the license was not renewed, but both parties have assumed that it was not, and the plaintiff does not assert that it was granted, which would have been a complete answer to this defence. There is nothing in the case to show that the landlord ever agreed to Mr. McAdoo's suggestions, or that he even answered his communication; indeed all the inferences are that he did neither.

Under these circumstances and under the broad language of the lease as to the refusal of the license "through *any* cause or neglect of the landlord," we think that a jury question was presented, and that the trial judge could not properly have taken it upon himself to say that a condition within the scope of the provisions of the lease had not actually arisen. If the issue under the lease had been the reasonableness of the commissioner's requirement, or whether the plaintiff's noncompliance therewith ought to have influenced his determination, a different question would be presented; but on the issue as to what in point of fact led to the refusal of the license the defendant's testimony raised a jury question. The plaintiff's contention, therefore, that a verdict should have been directed in his favor upon this issue fails.

The plaintiff also contends that certain judicial proceedings in the State of New York were erroneously excluded at the trial. It is sufficient to say that the case fails to show that any final judgment of the New York tribunal was offered in evidence. What was offered was properly denied probative effect.

The plaintiff's rule must be discharged, with costs.